FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    4:14-cr-6016-EFS |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |
| MIGUEL MENDOZA-TORRES, | |
| Defendant. | |

Through his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c), Defendant Miguel Mendoza-Torres seeks early release from the Bureau of Prisons' custody.[1] The U.S. Attorney's Office opposes his request. For the reasons set forth below, the Court denies Mr. Mendoza-Torres' motion.

**A.    Background**

In 2014, Mr. Mendoza-Torres was arrested for federal drug-distribution and firearm charges.[2] Later that year, Mr. Mendoza-Torres pled guilty to a drug distribution offense and a firearm offense, and in 2015, he was sentenced to 120 months.

---

[1] ECF No. 76.

[2] ECF Nos. 1, 9, 16.

Mr. Mendoza-Torres, who is 47 years old, is serving his imprisonment at the Bureau of Prisons (BOP) Federal Correctional Institution Sheridan facility.[3] FCI Sheridan is still at the highest BOP Covid-19 operational level and therefore has modified operations.[4] Mr. Mendoza-Torres has served the majority of his sentence, with a projected release date of September 27, 2022.[5]

Mr. Mendoza-Torres argues that compassionate release is necessary due to his medical conditions, his family's medical conditions and circumstances, Covid-19, and the significant amount of time he has served during the Covid-19 pandemic—time that has largely been in lockdown due to the pandemic and therefore more punitive and less rehabilitative than the sentence envisioned by the Court. Mr. Mendoza-Torres' medical history includes knee problems, an abdominal hernia, depression, and extreme anxiety. He reports that his parents, who live in Mexico, are suffering from severe medical issues for which they require assistance, his wife and children depend on him for financial support, and his sister recently passed, leaving behind three children who need support. Mr. Mendoza-Torres highlights that, due to the Covid-19 pandemic, FCI Sheridan has been on lockdown and programming has been reduced or eliminated. In addition, Mr. Mendoza-

---

[3] https://www.bop.gov/inmateloc/ (last visited June 2, 2022).

[4] https://www.bop.gov/locations/institutions/she/ and https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited June 2, 2022).

[5] bop.gov/inmateloc/ (last visited June 2, 2022).

Torres submits that FCI Sheridan failed to address the serious plumbing issues at the facility and the poor air conditions resulting from nearby forest fires. Mr. Mendoza-Torres advises that there are pending lawsuits against FCI Sheridan for alleged medical indifference to inmates' medical needs. Mr. Mendoza-Torres' motion is supported merely by the assertions in his motion, with no supporting documents or evidence filed.

While the United States does not dispute that Mr. Mendoza-Torres exhausted his administrative remedies, the United States opposes his request because he fails to establish 1) extraordinary and compelling reasons supporting compassionate release and 2) that the 18 U.S.C. § 3553(a) factors support his release.[6]

**B.    Standard**

The compassionate-release statute allows the reviewing court to reduce the term of imprisonment "after considering the facts set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."[7]

---

[6] ECF No. 78.

[7] 18 U.S.C. § 3582(c)(1), *as modified by United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021) (determining U.S.S.G. 1B1.13 is not binding).

Thus, the reviewing court undertakes a three-step inquiry. First, the court must determine whether the defendant has established extraordinary or compelling reasons to warrant a sentence reduction. Second, the court may be guided—but is not bound—by whether a sentence reduction is consistent with the applicable policy statements issued by the U.S. Sentencing Commission, here U.S.S.G. 1B1.13.[8] Third and finally, the court must consider whether a sentence reduction is consistent with the applicable 18 U.S.C. § 3553(a) sentencing factors.

**C.    Analysis**

1.    Extraordinary and Compelling Reasons: Mr. Mendoza-Torres fails to establish such reasons.

Per Mr. Mendoza-Torres' assertions in his motion, he suffers from bad knees, an abdominal hernia, depression, and extreme anxiety. During his presentence interview in 2015 with the U.S. Probation Office, Mr. Mendoza-Torres reported back problems and right knee pain but denied any mental or emotional problems.[9]

The Center for Disease Control has identified certain medical conditions as placing an individual at higher risk of severe illness if he contracts Covid-19.[10] Only one of Mr. Mendoza-Torres' conditions—depression—is identified as a high-risk condition. However, Mr. Mendoza-Torres did not provide any evidence

---

[8] 18 U.S.C. § 3582(c)(1)(A); *Aruda*, 993 F.3d 797.

[9] ECF No. 65.

[10] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 2, 2022).

1    supporting his claim that he suffers from depression or has sought treatment for

2    depression. The Court also lacks information as to whether Mr. Mendoza-Torres

3    received Covid-19 vaccinations and/or previously contracted Covid-19 and, if so, the

4    nature of his symptoms and recovery. Moreover, while Mr. Mendoza-Torres

5    identifies lawsuits against FCI Sheridan about concerning medical practices,

6    Mr. Mendoza-Torres has not presented evidence that he is unable to seek

7    treatment at FCI Sheridan for his medical conditions or for a Covid-19 infection.

8        Mr. Mendoza-Torres fails to establish extraordinary and compelling reasons

9    necessitating compassionate release.

10        2.    <u>Non-Binding U.S.S.G. 1B1.13: Mr. Mendoza-Torres fails to satisfy.</u>

11        As modified by *Aruda* and as applicable here, U.S.S.G. 1B1.13 suggests that

12    the reviewing court consider 1) whether extraordinary and compelling reasons

13    warrant a sentence reduction and 2) whether the defendant is a danger to the

14    safety of any other person or the community as provided in 18 U.S.C. § 3142(g).

15        As discussed above, the Court finds Mr. Mendoza-Torres fails to establish

16    extraordinary and compelling reasons based on his medical conditions and Covid-

17    19 to warrant a sentence reduction.

18        As to the second factor, Mr. Mendoza-Torres' offensive conduct was serious:

19    he distributed methamphetamine, selling approximately 4 ounces of crystal

20    methamphetamine every week and possessing firearms at the request of his source

21    of supply. The Court has no information to indicate that Mr. Mendoza-Torres has

22    taken steps to reduce the likelihood that he will commit similar crimes. Nor is the

1  Court aware of anything deceasing the likelihood that Mr. Mendoza-Torres will

2  unlawfully return to the United States after he is deported following his

3  imprisonment sentence. For instance, the Court has no information as to whether

4  Mr. Mendoza-Torres participated in programming—aimed at reducing the

5  likelihood that he will reoffend upon release—in the years he was incarcerated

6  before such programming was paused due to Covid-19. Moreover, this was not

7  Mr. Mendoza-Torres' first drug trafficking offense. In 2005, Mr. Mendoza-Torres

8  was convicted of drug trafficking and was sentenced to 36 months; he was deported

9  following his incarceration, but then returned unlawfully to the United States.

10      Mr. Mendoza-Torres fails to establish that he does not pose a danger to the

11  safety of any other person or the community if granted compassionate release at

12  this time. The non-binding 1B1.13 factors weigh against release.

13      3.    18 U.S.C. § 3553(a) Factors: do not weigh in favor of early release.

14      Similar to the above-stated concerns, Mr. Mendoza-Torres has not

15  established that the § 3553(a) factors favor his early release. At sentencing, the

16  Court sentenced Mr. Mendoza-Torres to slightly below the applicable Sentencing

17  Guideline Range of 121–151 months. The Court accepted the parties' binding plea

18  agreement, which recommended the statutory mandatory minimum sentence of

19  120 months. The Court found the 120-month imprisonment sentence was necessary

20  to promote respect for the law, reflect the seriousness of the offense, provide just

21

22

1  punishment, avoid unwarranted sentencing disparities, and protect the public from

2  further crimes of Mr. Mendoza-Torres.[11]

3       Therefore, the Court is not convinced that the § 3553(a) factors are best

4  served by early release.

5  **D.    Conclusion**

6       Mr. Mendoza-Torres fails to show that extraordinary and compelling reasons

7  warrant a sentence reduction or that the applicable § 3553 factors support early

8  release.

9       Accordingly, **IT IS HEREBY ORDERED:** Defendant's Motion for

10  Compassionate Release, **ECF No. 76**, is **DENIED.**

11       **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and

12  provide a copy to counsel and Mr. Mendoza-Torres.

13       **DATED** this  2nd    day of June 2022.

14

15                   _Edward F. Shea_

16              EDWARD F. SHEA
        Senior United States District Judge

17

18

19

20

21

22

---

[11] ECF Nos. 72, 73.